UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELICA ADAMS | CIVIL ACTION NUMBER: |
| VERSUS | JUDGE: |
| BANK OF ST. FRANCISVILLE | MAGISTRATE JUDGE: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The complaint of Angelica Adams, a person of the full age of majority, domiciled and residing in the Parish of East Feliciana, State of Louisiana, respectfully represents that:

1.

Plaintiff brings this action pursuant to *Title VII of the Civil Rights Act of 1964* (as amended), 42 U.S.C. § 2000e, *et seq.*, based upon the following:

## JURISDICTION AND VENUE

2.

This court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

3.

Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391.

## THE PARTIES

4.

Plaintiff, Angelica Adams ("Plaintiff"), is a citizen of the United States of America

and a resident of the town of Ethel in the State of Louisiana.

5.

Made defendant herein is Bank of St. Francisville ("the Bank"), a banking institution chartered by the State of Louisiana.

**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

6.

At all times pertinent hereto, Plaintiff was an "employee" of the Bank as that term is defined in 42 U.S.C. § 2000e(f).

7.

At all times pertinent hereto, the Bank and the agents of the Bank were Plaintiff's "employer" as that term is defined in 42 U.S.C. § 2000e(b).

8.

Plaintiff's race is black.

9.

Plaintiff began her employment at the Bank in January of 2019 as a Bank Teller.

10.

Prior to September of 2021, the Bank employed two employees that served in the position of Relationship Banker.

11.

One of the persons serving in the position of Relationship Banker was Denise George.

12.

Denise George's race is black.

13.

Denise George sat in the front of the Bank to perform her duties.

14.

The other person serving in the position of Relationship Banker was Leah Dougharty.

15.

Leah Dougharty's race is white.

16.

Leah Dougharty also sat in the front of the Bank to perform her duties.

17.

In approximately September of 2021, Leah Dougharty ceased to hold the position of Relationship Banker at the Bank and that position became vacant.

18.

In September of 2021, Plaintiff applied for a promotion to the position of Relationship Banker at the Bank that had become vacant as a result of Leah Dougharty's ceasing to hold that position.

19.

Following her application, Plaintiff was interviewed for the position of Relationship Banker.

20.

At the conclusion of the interview, the interviewer called the Vice President of Electronic Banking/Human Resources Manager, Tanya Arbuthnot, into the meeting to speak with Plaintiff.

21.

Tanya Arbuthnot told Plaintiff that she was qualified for the position of Relationship Banker.

22.

Tanya Arbuthnot also told Plaintiff that, because of where the bank was located in St. Francisville, Louisiana, customers would want to see "one of their own" in the front of the bank and that there was already one black lady (Denise George) sitting there.

23.

When Tanya Arbuthnot told Plaintiff that the Bank's customers would want to see "one of their own" she meant that the Bank's white customers would not want to see two black employees sitting at the front of the Bank.

24.

Tanya Arbuthnot also told Plaintiff that the President of the Bank told her that he did not know if not placing two black employees at the front of the bank was "still a thing."

25.

Because Plaintiff is black, she did not receive the promotion to the position of Relationship Banker.

26.

Subsequently, the Bank hired the son of another employee of the Bank for the Relationship Banker position.

27.

The individual who was hired for the Relationship Banker position was white and had no previous banking experience.

28.

Any reason that might be asserted by the Bank for failing to promote Plaintiff to the position of Relationship Banker (other than her race) is pretextual and unworthy of credence or belief.

29.

The actual reason for the Bank not promoting Plaintiff to the position of Relationship Banker was the fact that she is black, and the Bank did not want two black employees positioned at the front of the bank for fear that its white customers would disapprove.

30.

Instead of promoting Plaintiff, the Bank promoted a person to fill the position who (a) was white, and (c) had never previously been employed in the banking industry.

31.

The Bank's actual reason for not promoting Plaintiff to the position of Relationship Banker constitutes unlawful discrimination pursuant to 42 U.S.C. § 2000e-2(a) and (m).

32.

Following her failure to receive the promotion to Relationship Banker, Plaintiff's working conditions at the Bank became so intolerable that she felt compelled to resign on November 10, 2021.

33.

In light of the discriminatory practices of the Bank described hereinabove, Plaintiff is entitled to an order requiring the Bank to (a) reinstate her employment with the Bank, (b) promote her to the position of Relationship Banker, and (c) to pay her back pay for any loss of salary or other benefits of her position that she would have received had the Bank not discriminated against her in the manner described hereinabove.

34.

Alternatively, and only in the event that this Court should find that Plaintiff's reinstatement and promotion are not feasible, Plaintiff is entitled to an award of back pay and front pay in the amount to be determined appropriate following the trial of this matter.

35.

As a result of the Bank's discrimination against Plaintiff, she has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as will be proven at the trial of this matter and is entitled to recover such damages from the Bank pursuant to 42 U.S.C. § 1981a(a)(1).

36.

The Bank engaged in the foregoing discriminatory practices with malice and/or

with reckless indifference to the federally protected rights of Plaintiff entitling Plaintiff to an award of punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).

37.

Additionally, Plaintiff is entitled to recover her reasonable attorney's fees and costs from the Bank pursuant to 42 U.S.C. § 2000e-5(k).

38.

Plaintiff filed a Charge of Discrimination against the Bank with the New Orleans Field Office of the U.S. Equal Employment Opportunity Commission on April 4, 2022. A copy of the foregoing charge is attached hereto as Exhibit "A."

39.

On April 27, 2022, the New Orleans Field Office of the U.S. Equal Employment Opportunity Commission issued a DETERMINATION AND NOTICE OF RIGHTS, entitling Plaintiff to institute a civil action in the appropriate federal district court within 90 days from the receipt of said notice. A copy of the foregoing notice is attached hereto as Exhibit "B."

40.

All conditions precedent to the commencement of this suit have occurred.

**DEMAND FOR JURY TRIAL**

41.

Plaintiff demands and is entitled to a trial by jury on all issues raised herein pursuant to 42 U.S.C. § 1981a(c).

**WHEREFORE**, Plaintiff, Angelica Adams, prays that after due proceedings are had that there be a judgment in her favor and against the defendant, Bank of St. Francisville, as follows:

I.  ordering the Bank of St. Francisville to:

   A.  reinstate Plaintiff's employment;

   B.  promote Plaintiff to the position of Relationship Banker; and

   C.  pay Plaintiff back pay for any loss of salary or other benefits of the position of Relationship Banker that she would have received had the Bank of St. Francisville not discriminated against her in the manner described in this Complaint.

II.  Alternatively, and only in the event that this Court should find that Plaintiff's reinstatement and promotion are not feasible, Plaintiff is entitled to an award of back pay and front pay in the amount to be determined appropriate following the trial of this matter.

III.  Additionally, Plaintiff is entitled an award of compensatory damages against the Bank of St. Francisville pursuant to 42 U.S.C. § 1981a(a)(1).

IV.  Additionally, Plaintiff is entitled to an award of punitive damages against the Bank of St. Francisville pursuant to 42 U.S.C. § 1981a(b)(1).

V.  Additionally, Plaintiff is entitled to recover her reasonable attorney's fees and all costs and expenses incurred in these proceedings from the Bank pursuant to 42 U.S.C. § 2000e-5(k).

VI. Additionally, Plaintiff is entitled to recover judicial interest from the Bank of St. Francisville pursuant to 28 U.S.C. § 1961.

Plaintiff further prays for all other legal and/or equitable relief to which she may be entitled in the premises.

Respectfully submitted:

_____
Brian F. Blackwell (18119)
James R. Bullman (35064)
**BLACKWELL & BULLMAN, LLC**
8322 One Calais Avenue
Baton Rouge, Louisiana 70809
Telephone:   (225) 769-2462
Telecopier:  (225) 769-2463
E-mail:      brian@blackwell-bullman.com
Email:       james@blackwell-bullman.com

*Attorneys for Plaintiffs*

**PLAINTIFF'S ADDRESS**

Angelica Adams
5927 Line Road
Ethel, Louisiana 70730

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELICA ADAMS | CIVIL ACTION NUMBER: |
| VERSUS | JUDGE: |
| BANK OF ST. FRANCISVILLE | MAGISTRATE JUDGE: |

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME**, the undersigned Notary, personally came and appeared Angelica Adams, who after being first duly sworn did depose and state that she is the Plaintiff in the foregoing Complaint, that she has read all of the allegations of fact contained in the foregoing Complaint, and that all of the facts alleged therein are true and correct to the best of her knowledge, information and belief.

Appearer further declared that she does hereby consent to being named as the Plaintiff in the foregoing Complaint.

_____
Angelica Adams

**SUBSCRIBED AND SWORN** to before me, at Baton Rouge, Louisiana this 20th day of June, 2022.

_____
NOTARY PUBLIC
(My commission expires at death)
BRIAN F. BLACKWELL
NOTARY PUBLIC
State of Louisiana
My Commission Is Issued For Life
Louisiana Bar Roll No. 18119